# United States Court of Appeals for the Fifth Circuit

———————

No. 22-51038
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2023

Lyle W. Cayce
Clerk

Austin James,

*Plaintiff—Appellant*,

*versus*

Deputy Glenn Larcom, *individual capacity*; Deputy J. Jiles, *Badge Number 110*; individual and official capacity,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-149

———————————————————

Before Clement, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Austin James, a customer of the Travis County Records Division, alleges that his civil rights were violated when he was denied entry to the Records Division's office for refusing to wear a mask, in contravention of a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51038

county order. Because James failed to plausibly allege a violation of the Fourteenth Amendment, we AFFIRM.

I.

On December 21, 2021, Travis County Constable's Office Deputies G. Larcom and J. Jiles denied James access to the Travis County Records Division because James was not wearing a face covering, in violation of the county's mask order. The second provision of the order required all "employees" "entering into or present within" specified Travis County buildings to wear a face covering. The third provision applied the same face-covering requirement to "Customers." And the fifth provision stated that "Customers who do not wish to wear a face covering when entering into or visiting a designated County Facility . . . will be required to leave the premises." The order did not contain any provision regarding whether "employees" who did not wish to wear a face covering would also be required to leave the premises.

James alleges that, during their confrontation, Jiles "pulled his [own] face covering entirely below his chin" and yet Jiles—unlike James—"was allowed reentry into the Records Office." James therefore filed class-of-one equal-protection claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for this alleged violation of his Fourteenth Amendment rights. The district court dismissed James' complaint for failure to plausibly allege a constitutional violation. James appeals.

II.

We review a district court's dismissal under Rule 12(b)(6) *de novo*. *Petersen v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

No. 22-51038

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "We may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record." *Petersen*, 57 F.4th at 231 (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III.

To establish an equal protection violation as a "class of one," James was required to plausibly allege that (1) he was "intentionally treated differently from others similarly situated" and (2) "there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012). The district court found that James failed at the first prong because he had not identified any "other customer who attempted to enter the Records Office without a face covering who was not asked to leave," and Jiles (an employee) was "not an apt comparator" because the applicable provision in the county's mask order "applie[d] only to 'customers,' not employees." We agree.

While there is no "rigid, mechanical" test for determining whether James and Jiles are "similarly situated," our court has explained that "[i]n a case like this one, which involves the application of an ordinance or statute, the plaintiff's and comparators' relationships with the ordinance at issue will generally be a relevant characteristic for purposes of the similarly-situated analysis." *Lindquist*, 669 F.3d at 233–34. Our opinion in *Beeler v. Rounsavall* is instructive. 328 F.3d 813 (5th Cir. 2003). There, we found that the statute

3

No. 22-51038

at issue "clearly distinguishe[d] between applications for new permits and applications to renew existing permits" and therefore the plaintiff—who was applying for a new permit—and his proposed comparators—who were applying to renew an existing permit—"were not similarly situated." *Id.* at 817. As the district court recognized, the same logic applies here. The Travis County order clearly distinguished between "employees" and "customers." And while it required both employees and customers to wear masks, only *customers* who declined to wear masks were "required to leave the premises." Thus, Jiles—an employee—and James—a customer—were not similarly situated. Because James has not identified any customer-comparators, he has failed to plausibly allege a Fourteenth Amendment violation.

A plausibly alleged constitutional violation is a required element of James' § 1983 and § 1985 claims. *E.g.*, *Jackson v. Pierre*, 810 F. App'x 276, 280–81 (5th Cir. 2020). Since James did not establish a constitutional violation, the district court correctly dismissed James' claims against Jiles and Larcom in their personal capacities on qualified-immunity grounds, *see Benfield v. Magee*, 945 F.3d 333, 339 (5th Cir. 2019), and his claims against Jiles in his official capacity on the merits, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).[1]

We AFFIRM.

_____

[1] We therefore need not address the district court's other bases for dismissal.